UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUALITY PRODUCTION MANAGEMENT, L.L.C. , ET AL | CIVIL ACTION |
| VERSUS | NO. 08-684 |
| THE LOUISIANA FRUIT COMPANY, ET AL | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on motion for a more definitive statement, motion to dismiss for lack of subject matter jurisdiction and motion to dismiss for failure to state a claim filed by The Louisiana Fruit Company ("LA Fruit") and the issue whether the Court should exercise its discretion to entertain this declaratory action. Having considered the record, the memoranda of counsel and the law, the Court has determined that it will not entertain this action for the following reasons.

This suit was filed on January 18, 2008, by Quality Production Management, L.L.C. ("QMI") and Production Management Industries, L.L.C. ("PMI"). According to

the petition for declaratory relief, "it is believed" that PMI was the lessee of a certain site on a canal in Venice, Louisiana, prior to April 9, 2007, when PMI sold assets to QPM and when QPM began occupying the site without confecting a lease with LA Fruit. (Rec. Doc. 1, ¶¶ 4-8).  After damage to a bulkhead along the site was discovered and reported in July 2007, LA Fruit demanded compensation from QPM and PMI.  The plaintiffs "believe and therefore aver that the bulkhead failure was precipitated by operation of the M/V DAIGLE T," a vessel owned and operated by Bud's Boat Rental, L.L.C. ("Bud's) because the vessel was docked adjacent to the bulkhead.  (Rec. Doc. 1, ¶ 9).  Jurisdiction is based on admiralty, 28 U.S.C. § 1333 or 46 U.S.C. App. § 740; diversity is lacking.

On January 31, 2008, LA Fruit filed a petition in state court against PMI and its assignee/sublessee QPM, seeking declaratory relief that they are obligated to repair the bulkhead under the five-year lease with PMI dated April 1, 2005.  Bud's is not a party to the state court action.

In its motion, LA Fruit challenges the plaintiffs' federal complaint on a number of grounds.  First, it argues that the plaintiffs' failure to take a position as to whether or not a lease was in effect on the relevant date and the relationship of the plaintiffs to any lease and/or the canal site renders the complaint defectively vague.  It argues that this

shortcoming is especially significant in light of the pending state court proceedings, and another case in which the court recognized the lessee's contractual obligation to repair the damaged bulkhead regardless of fault. *Tetra Technologies, Inc. v. La. Fruit Co.*, 2007 WL 3151760 (E.D.La.). LA Fruit also argues that subject matter jurisdiction is lacking because the plaintiffs do not admit that they had a lease with regard to the subject site and without the lease, they have no claim against Bud's for damage to the bulkhead. Finally, it argues that the complaint fails to state a claim because the plaintiffs seek a declaration that they are free of any responsibility for the bulkhead damage, which requires a finding either that no lease existed or the lease terms do not obligate the plaintiffs to repair the damage, contrary to the findings in *Tetra, supra.*

The plaintiffs oppose the motion that a more definite statement is warranted with the argument that LA Fruit understands the issues presented in the complaint. Their argument as to subject matter jurisdiction focuses on the maritime nature of any tort alleged to have been caused by Bud's, and no specific argument is presented with regard to LA Fruit's motion to dismiss for failure to state a claim.

The issue whether the Court should exercise its discretion and entertain this declaratory action under 28 U.S.C. § 2201[1] initially involves a three-step inquiry to

---

[1] Section 2201 provides in relevant part:
In a case of actual controversy within its jurisdiction ... any court of the United

determine whether the declaratory action is justiciable, whether it has the authority to grant the relief sought and finally, whether and how it should exercise its discretion. *ORIX Credit Alliance, Inc. v. Wolfe*, 212 F3d 891, 895 (5th Cir. 2000).

"[I]t is incumbent upon the plaintiff to allege a 'justiciable controversy" in order to state a claim for declaratory relief. ... In addition, the complaint must be complete in itself and stand or fall on its own merits; it cannot be used as a vehicle for searching out and discovering whether a right of action exists." Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* §1238 (West).   Federal justiciability doctrines such as ripeness and standing are essential components of federal subject matter jurisdiction. *Sample v. Morrison*, 406 F.3d 310 (5th Cir. 2005).  Ripeness is designed to avoid premature adjudication and involvement in abstract disagreements.  *Id.*   Standing  requires allegations of injury and is not satisfied by a litigant's raising another person's legal rights.  *Allen v.* Wright, 468 U.S. 7737, 751 (1984).  A declaratory action might be sought prior to the occurrence of injury-in-fact, but still requires an actual controversy.  *ORIX*, 212 F.3d 896.

The plaintiffs claim that jurisdiction is based on admiralty because the tort liability of Bud's is based on admiralty, apparently conceding that any claim involving

---

States ... **may** declare the rights and other legal relations of any interested party seeking such declaration..."  (Emphasis added).

LA Fruit is based on Louisiana law.

Under maritime law, a cause of action for contribution or indemnity does not arise until judgment is entered against the principal defendant. *In re L&L Environment Services, Inc.*, 2002 WL 31115058 (5th Cir. 2002);   Similarly, under Louisiana law, a party's right to either contribution or indemnity is deriviative. *Toups v. Koch Gateway Pipeline, Inc.*, 915 So.2d 811 (La. App. 1st Cir. 2005). Under Louisiana law, a right of action for eventual contribution vests at the time of the delict, but a party may not exercise his right of action for contribution until the corresponding cause of action accrues with judgment and payment. *Wiggins v. Louisiana*, 712 So.2d 1006, 1010 (La. 1st Cir. 1998); *Hendrick v. Stone, Pigman, Walther, Wittmann & Hutchinson*, 677 So.2d716 (La. App. 1st Cir. 1996). A court should not entertain a declaratory action based on a contingency which may or may not arise. *Faucheaux v. Prytania Medical Complex Owners Assn.*, 642 So.2d 242,245 (La. App. 4th Cir. 1994). Here, the plaintiffs do not establish standing with regard to either defendant for the damage sustained by LA Fruit,[2] and any direct claim by the plaintiffs against Bud's under the general maritime law is not ripe in the absence of a finding of liability on the part of the plaintiffs here. *ORIX*, 212

---

[2] The fact that the plaintiffs do not state that either had a contractual arrangement with LA Fruit only compounds their difficulties in establishing subject matter jurisdiction.

F.3d at 895-896; *Laughlin v. Falcon Operators, Inc.*, 2002 WL 31740726 (E.D.La).

No party has disputed that LA Fruit had standing to initiate the state court suit against the plaintiffs. Third party practice is available to bring all parties before the state court in a single proceeding under La. Civ. Code art. 1805,[3] which "authorizes a solidary obligor to exercise his right of action for contribution before the cause of action accrues." *Wiggins*, 712 So.2d at 1010. Third-party practice provides an expeditious remedy that does not alter the basic rules of standing and ripeness. *Hendrick*, 677 So.2d at 719-720. The plaintiffs in this suit provide no substantive argument with regard to why a third-party demand against Bud's in state court would be unavailable.

Even if subject matter jurisdiction had been established by the plaintiffs in this action, the Court would decline to exercise its jurisdiction. The Supreme Court's decision in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), listed the appropriate factors to consider:

---

[3] Article 1805 provides:
A party sued on an obligation that would be solidary if it exists may seek to enforce contribution against any solidary co-obligor by making him a third party defendant according to the rules of procedure, whether or not that third party has been initially sued, and whether the party seeking to enforce contribution admits or denies liability on the obligation alleged by plaintiff.
  Under La. Code Civ. Pro. 1111:
The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.

> [A] district court should examine the "scope of the pending state court proceeding and the nature of the defenses open there." ...   This inquiry, in turn, entails consideration of "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." ...  Other cases ... might shed light on additional factors governing a district court's decision to stay or to dismiss a declaratory judgment action at the outset. ... But[,] at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference, if it permitted the federal declaratory action to proceed.

*Wilton*, 515 U.S. at 283 (internal citations omitted), citing *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 495 (1942).  See also *Agora Syndicate Inc. V. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 372-373 (5th Cir. 1998).   The primary dispute is pending in state court between non-diverse parties, and the procedural problems facing the plaintiffs here derive from their failure to date to utilize the third-party practice available to it in state court.

The Fifth Circuit recently restated that the criteria to be considered in determining whether to maintain a declaratory action include: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to

change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001). Consideration of these factors does not weigh in favor of maintaining jurisdiction over the declaratory action in light of the pending state court proceeding and the apparent availability of a third-party petition there. The Court finds, instead, the factors support declining to exercise jurisdiction in this declaratory action.

Accordingly,

IT IS ORDERED that the motion for a more definitive statement, motion to dismiss for lack of subject matter jurisdiction and motion to dismiss for failure to state a claim filed by The Louisiana Fruit Company is PARTIALLY GRANTED and PARTIALLY DENIED. (Rec. Doc. 4). The Court declines to exercise jurisdiction over this matter due to a lack of subject matter jurisdiction and by the exercise of its discretion.

New Orleans, Louisiana, this 14th day of July, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE